UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SAMMY ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:02-CV-490 |
| | ) | (JORDAN/GUYTON) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition by the District Court of plaintiff Sammy Rowe's motion for an award of attorney fees in the amount of $6,108 pursuant to 42 U.S.C. § 406(b).[1] [Doc. 21]. The Commissioner objects to the amount of the requested fee, arguing that of the requested amount, only $808 represents work performed before this Court, and this amount is all that this Court should award. [Doc. 26]. Plaintiff also filed a reply. [Doc. 28].

On February 18, 2003, Leon Jordan, United States District Judge, entered an order granting the parties' joint motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). [Docs. 10 and 11]. On October 21, 2004, Judge Jordan signed the agreed order submitted by the parties to dismiss the case because on remand the Commissioner awarded benefits. [Doc. 14].

---

[1]This Court awarded $1,684.50 in EAJA fees [Doc. 20], although plaintiff's brief states $1,534.50 in EAJA fees. [Doc. 22].

Before the Court is plaintiff's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $6,108 "for work while this court retained jurisdiction." [Doc. 22]. Plaintiff relies on <u>Horenstein v. Secretary of Health and Human Services</u>, 35 F.3d 261 (6th Cir. 1994), arguing that "[t]he agency sets the fee for work done when the agency had jurisdiction, the court for work done when the court had jurisdiction." <u>Id.</u> Plaintiff explains that 5.2 hours or attorney time and 17.5 hours of paralegal time were spent on this case and that "[o]f that total, 1.0 hours of attorney time and 5.1 hours of paralegal time were incurred prior to this court ordering [a] Sentence Six remand." <u>Id.</u> However, plaintiff seeks a total amount of $808 (1.0 attorney hour x $400 and 5.1 paralegal hours x $80 = $808) for time "purely" before this court and seeks an additional amount of $5,300 for "time spent preparing and winning the hearing on Sentence Six remand and obtaining benefits." <u>Id.</u>

The Commissioner objects to the requested amount of $6,108, insisting that the issue is whether this work is compensable under 42 U.S.C. § 406(a) for time spent before the agency or 42 U.S.C. § 406(b) for time spent before a court. [Doc. 26]. The Commissioner argues that <u>Horenstein</u> is based on where the work was done–at the agency level or before the court–not on whether the Court retains jurisdiction as plaintiff argues, noting that <u>Horenstein</u> states that "[w]e . . . join the majority of circuits which hold that each tribunal may award fees only for the work done before it." 35 F.3d at 262. [Doc. 26]. The Commissioner maintains that although the Court retains jurisdiction in a sentence six remand, the Court should award a fee only for work performed before it, which in the present case is $808. She argues that most of the attorney work for which plaintiff's attorney seeks fees was performed before the agency pursuant

2

to a sentence six remand, and therefore, if it is compensable under 42 U.S.C. § 406(a), then plaintiff's attorney must petition the agency for the remaining $5,300 that he seeks.[2]

Clearly, under Horenstein, a fee for work performed at the agency level on remand must be determined by the agency, not this Court, although this Court retains jurisdiction on a sentence six remand. Plaintiff's attorney acknowledges that only 1.0 hour of attorney time and 5.1 hours of paralegal time, totaling $808, were spent on work before this Court. [Doc. 22]. Therefore, I find that the amount of $808 is compensable pursuant to 42 U.S.C. § 406(b) as time spent before this Court.

---

[2]The Commissioner acknowledges that under the EAJA a prevailing party may petition the court for attorney fees for time before an agency because the claimant has no other option: EAJA fees may only be awarded by a court, not an agency. Here, she explains that plaintiff's attorney can petition the agency for his attorney fees. [Doc. 26].

In light of the foregoing, it is hereby **RECOMMENDED**[3] that plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b) [Doc. 21] be **GRANTED IN PART,** as to the amount of $808 for time spent before this Court, and **DENIED** as to all other relief sought.

Respectfully submitted,

  s/H. Bruce Guyton  
United States Magistrate Judge

---

[3]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

4